# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

RICKY GREEN,     *

     Petitioner,     *     CASE NO. 7:07-CV-5
vs.     *       28 U.S.C. § 2255
                                                    CASE NO. 7:02-CR-7 CAR

UNITED STATES OF AMERICA,     *

     Respondent.     *

## REPORT AND RECOMMENDATION

Petitioner was originally entered into a Plea Agreement with the Government and pleaded guilty on January 6, 2003 to the offense of Distribution of More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 941 (b)(1)(A)(iii). (Doc. 25, 26, & 27). He was sentenced on March 24, 2003, to a term of imprisonment of 120 months (Doc. 30). Petitioner filed no direct appeal. However, on March 11, 2004, the Government filed a Rule 35 Motion for relief from sentence for substantial assistance in other criminal detection and prosecution (Doc. 32), and the district court, on April 5, 2004, granted Petitioner Green a sentence reduction of 22 months, so that his sentence was then 98 months imprisonment (Doc. 33). No direct appeal from the resentence was filed. On July 27, 2006, the Government filed a Rule 35(b) Motion For Relief From Sentence for substantial assistance in the detection and prosecution of other offenders (Doc. 34). On October 4, 2006, the district court granted the Rule 35(b) Motion and reduced Petitioner's sentence by an additional 20 months to a second re-sentence of 78 months imprisonment (Doc. 35). Again Petitioner Green filed no direct appeal.

On January 12, 2007, Green filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (Doc. 36).[1] In Ground One of his Motion, Green alleges that "Counsel was ineffective during cooperation and during Rule 35(b) proceedings." Green's contention relates to the cooperation which led to the second Rule 35 Motion filed by the Government and the second Resentencing on October 4, 2006. He states at page 6 of his Memorandum In Support of his § 2255 Motion (Doc. 37) that:

> In or about 2005, Movant Green retained attorney Althea L. Buafo for representation during the Rule 35(b) proceedings. Because of the extent of coooperation provided by Green, through Haggins, and further because of the severe threats to Haggins that caused his relocation, it was agreed that a hearing would be requested upon the filng of the Rule 35(b) motion. However, after the government filed its Second Rule 35(b) Motion, attorney Buafo took no action to secure a hearing, nor did she inform Green of the filing of the Rule 35(b) Motion.

As to his Ground Two claim, in his Memorandum, Petitioner Green alleges that he is entitled to a "Reconsideration On The Government's Second Rule 35(b) Motion and a Hearing Thereon." Green states that he believes that the court ruled on the Rule 35(b) Motion without being made fully aware of the full nature and extent of cooperation provided by Green nor of the severe threats received by a third party [Haggins] as a result of said cooperation. Green again claims ineffective assistance of counsel for these alleged circumstances.

As his Gound Three, Green contends that he is entitled to an evidentiary hearing on

---

[1] There is no issue of timeliness, Petitioner Green filed his § 2255 Motion on issues relating to his resentencing of October 4, 2006. 28 U.S.C. § 2255; *Hepburn v. Moore,* 215 F.3d 1208 (11th Cir. 2000).

the above stated claims.

In its Response To Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (Doc. 40), the Government contends that Green's claims are barred by prodecural default, because these claims were previously available to him and could have been raised on direct appeal. The Government's contention disregards the policy of the United States Court of Appeals for the Eleventh Circuit that it will not consider ineffective assistance of counsel claims that are raised for the first time on direct appeal where there has been an insufficient opportunity to develop the record with regard to the merits of the claim in the district court. *See United States v. Garica-Jaimes,* — F.3d — , 2007 WL 1150034; *United States v. Bender,* 290 F.3d 1279, 1284 (11th Cir. 2002). Petitioner's claims of ineffective assistance of counsel are not procedurally barred.

The question is whether counsel's failure to request a hearing on the Government's second Rule 35(b) Motion for reduction of Petitioner's sentence amounts to ineffective assistance of counsel, particularly in view of the fact that Petitioner Green received an additional 20 month reduction in his sentence as a result of that Motion. To prevail on an ineffective assistance of counsel claim, Petitioner would have to show that his attorney's performance fell below an objective standard of reasonableness and that these unprofessional errors prejudiced him. To show prejudice, even the § 2255 petitioner must "show that there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052 (1984).

Petitioner argues that his counsel was ineffective for failing to obtain an evidentiary hearing before the district court ruled on the Government's second Rule 35 Motion to make the court aware of the threats made against the third party who was acting on Petitioner's behalf in providing "substantial assistance" to the Government. The United States Court of Appeals for the Eleventh Circuit ruled in *United States v. Chavarria-Herrera,* 15 F.3d 1033, 1037 (11th Cir. 1994), that "the plain language of Rule 35(b) indicates that the reduction shall reflect that assistance of the defendant; it does not mention any other factor that may be considered." Petitioner's counsel may not be found ineffective for failing to make an issue out of the threats to a third party which the court is unauthorized to consider.

Petitioner summarizes his contentions at page 10 of his Memorandum (Doc. 37), stating that:

> The court was not made aware of the full nature and extent of cooperation provided by Green, through Haggins, nor was the court made known of the serious threats made to Haggins which caused his relocation for his safety. Movant Green submits that had counsel requested a hearing, that following the introduction of the forestated evidence, that this court would have granted a greater departure. Thus, Green has established deficient performance and prejudice.

In view of the fact that the district court considered all of the assistance attributed to Green through the intermediary Haggins, according to the Government's affidavit attached to its Motion (Doc. 40A), and then reduced Green's sentence by another 20 months, Green's contention that the court would have granted a greater departure if a hearing on the Rule 35(b) had been held is totally speculative and conclusory. *"Conclusory allegations* of

4

ineffective assistance are insufficient." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992); citing *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991). Petitioner's conjecture that his sentence might have been reduced even more than the total of 42 months that it was reduced becomes a frivolous claim totally without basis.

Finally, Petitioner's demand for an evidentiary hearing on this Motion Pursuant to 28 U.S.C.§ 2255 is not authorized by his conclusory contentions of ineffective assistance of counsel. The district court need not hold an evidentiary hearing every time a section 2255 claim of ineffective assistance is raised. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the Petitioner's allegations are affirmatively contradicted in the record." *Holmes v. United States*, 876 F. 2d 1545, 1553, (11th Cir. 1989).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 16th day of May 2007.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE